IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DERIK LEWIS, | ) |
| No. R05811, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-cv-00808-NJR |
| | ) |
| SHAWNEE MEDICAL DENTIST STAFF, | ) |
| | ) |
| Defendant(s). | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Derik Lewis is an inmate currently housed at Shawnee Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to lapses in dental care.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual

allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint and supporting documentation (Doc. 1), the prison dentist, Dr. Conway, concluded that, due to advanced periodontal disease, all of Plaintiff's teeth needed to be removed, and he needed to be fitted for dentures. In October 2014, the teeth on the right side of Plaintiff's mouth were extracted by Dr. Conway. Plaintiff was told that the teeth on the left side would be removed in two or three weeks, however, seven months passed until Plaintiff's next appointment. Although Plaintiff told prison staff about his pain and need to be seen by the dentist, nothing was done.

In May 2015, when he was finally called to see the dentist, Plaintiff balked at paying a second $5 copayment for what he deemed a continuation of a single procedure, and staff recorded that Plaintiff had refused treatment. It appears that Plaintiff had to wait another month to be seen by the dentist. The entire time, Plaintiff was in excruciating pain and affected to a degree that a "slow eating" pass had to be issued.

Plaintiff has brought suit against "Shawnee Medical Dentist Staff" for inadequate, negligent care. He seeks compensatory and punitive damages.

## Discussion

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment.  U.S.CONST., amend. VIII. Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Prison officials can violate the Eighth Amendment's proscription against cruel and

unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

The complaint describes a situation that generally would fall within the ambit of the Eighth Amendment. *See e.g., Berry v. Peterman,* 604 F.3d 435, 442 (7th Cir. 2010) (one-month delay in referring inmate to dentist created issue of material fact about prison doctor's deliberate indifference); *Boyd v. Knox,* 47 F.3d 966 (8th Cir. 1995) (failure to send referral for dental care for three weeks after observing inmate's swollen and infected mouth, coupled with knowledge of inmate's suffering, could support a finding of an Eighth Amendment violation). But the complaint has a few shortcomings that prevent it from proceeding as drafted.

Relative to the allegations about delayed dental care and leaving Plaintiff for seven or eight months in pain and with teeth so loose that he required a slow eating pass, the Eighth Amendment protects against deliberate indifference, not mere negligence or even gross negligence. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). In other words, the official must have acted with the equivalent of criminal recklessness. *Id*. at 836–37. Once prison officials know about a serious risk of harm, they have an obligation "to take reasonable measures to abate it," even if harm is not averted. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006); *see also Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). Plaintiff has pleaded only negligence.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810

(7th Cir. 2005) (citations omitted). Plaintiff names "Shawnee Medical Dentist Staff" as the defendant(s) in the caption, but the narrative of the complaint identifies only Dr. Conway, the dentist who performed the initial extractions in October 2014. Others appear to have been involved in turning Plaintiff away in May 2015, when he would not pay an additional $5, but who was involved in refusing Plaintiff's interim requests for care is not at all clear. Plaintiff must clarify the defendants and claims, even if he cannot identify defendants by name and has to refer to "John Doe #1" and "John Doe #2."

The Court would be remiss if it was not noted that, as long as the medical/dental care needed is in fact provided, the Constitution does not forbid collecting the cost of the services provided, let alone a mere copayment. *See City of Revere v. Massachusetts General Hospital,* 463 U.S. 239 (1983); *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012). Thus, a claim regarding delayed treatment may be brought under the Eighth Amendment, but not a claim regarding only requiring payment for the treatment.

For these reasons, the complaint (Doc. 1) will be dismissed without prejudice and Plaintiff will be given an opportunity to file an amended complaint.

## Motion for Counsel

Plaintiff's allegations and his motion for recruitment of counsel (Doc. 3) beg the question, Can Plaintiff proceed *pro se*? *Childress v. Walker*, 787 F.3d 433, 443 (7th Cir. 2015).

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own.  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial."  *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff explains only that he has "some high school" education. The complaint, although technically flawed, clearly describes the relevant events and perceived constitutional violations. The shortcomings are of the sort easily cured by amendment. Furthermore, Plaintiff does not indicate that he has made any effort to secure representation. And, whether he has the funds to retain counsel remains to be seen. His motion for leave to proceed *in forma pauperis* (Doc. 2) did not offer any indication of his financial status. The Court has requested, but not yet received, a certified trust fund statement from the prison (Doc. 5). For all of these reasons, Plaintiff's motion for counsel (Doc. 3) will be denied without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint and Defendant(s) "Shawnee Medical Dentist Staff" are **DISMISSED without prejudice**. On or before **September 15, 2015**, Plaintiff shall file an amended complaint. Failure to file an amended complaint will

likely result in the dismissal of this action with prejudice and the assessment of a strike for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motion for recruitment of counsel (Doc. 3) is **DENIED without prejudice**.

Plaintiff is **ADVISED** that he remains obligated to pay the filing fee, even though the complaint has been dismissed, and even if he elects not to file an amended complaint. Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:  August 18, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**